**Nicole S. BOLDUC, Plaintiff,**

v.

**BRIDGESTONE/FIRESTONE, INC., Defendant.**

**No. Civ. 3:99CV2266(PCD).**

United States District Court,
D. Connecticut.

Aug. 21, 2000.

Jerry V. Leaphart, Jerry V. Leaphart & Associates, Danbury, CT, for Nicole S. Bolduc, plaintiff.

Michael J. Ranallo, Naomi F. Katz, Burke, Weaver & Prell, Chicago, IL, James Scott Rollins, Bingham Dana, Hartford, CT, Jeffrey L. Williams, Weinstein & Wisser, P.C., West Hartford, CT, for Bridgestone/Firestone, Inc., defendant.

## RULING ON PENDING MOTIONS

DORSEY, Senior District Judge.

Pending are defendant's Motion To Compel Mediation and Arbitration and To Stay Proceedings and plaintiff's Cross–Motion For Jury Trial. As discussed below, defendant's motion is **granted** and plaintiff's motion is **denied.**

## I. BACKGROUND

On September 9, 1998, plaintiff was hired by defendant's Waterbury, Connecticut store as an automotive service technician. That day plaintiff signed an acknowledgment regarding her receipt of defendant's Employee Dispute Resolution Plan ("EDR Plan"), which had become effective on October 1, 1995. Under the EDR Plan, employment-related disputes must be resolved through mediation or binding arbitration. Plaintiff was discharged by defendant on October 8, 1998. On November 22, 1999 she sued for gender discrimination under Title VII and deprivation of her civil rights, among other claims. Plaintiff amended her complaint

on January 6, 2000, alleging numerous additional claims. After plaintiff denied defendant's requests to withdraw the complaint and pursue a remedy under the EDR Plan, defendant moved to compel mediation and arbitration. Plaintiff cross-moved for a jury trial on arbitrability.

## II. DISCUSSION

### A. *Choice of Law*

The EDR Plan states that the rules of the Federal Arbitration Act ("FAA") should govern interpretation of the Plan, and that Illinois law should apply if the FAA does not. However, plaintiff contests the viability of the EDR Plan, which is a matter of state law. Plaintiff argues the applicability of Illinois law. Choice of law standards determine which state's law applies to this issue.

 Connecticut courts adhere to the doctrine of *lex loci contractus*. *See Hoffman v. United Services Auto. Ass'n,* 671 F.Supp. 922, 924 (D.Conn.1987) ("Under Connecticut choice of law rules, the validity and construction of a[ ] contract are usually determined by the law of the place where the contract was made."). The contract was signed and to be performed in Connecticut. Illinois's only connection is as the site of the contract's drafting. Therefore, Connecticut law applies to the determination of the contract's existence.

### B. *Revocation of the EDR Plan*

Plaintiff argues on three grounds that the arbitration agreement is revoked, citing only Illinois case law. Under Connecticut law, plaintiff's revocation arguments fail.

 Plaintiff first argues revocation by unconscionability due to lack of choice and imbalance in bargaining power. "Unconscionability generally requires a demonstration of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Empire Mortgage v. Sinotte,* No. CV 950130113S, 1998 WL 352049, at *5 (Conn.Super.Ct. June 15, 1998) (quoting

*Decorator Tel., Inc. v. Demato,* No. 366355, 1997 WL 607470 (Conn.Super.Ct. Sept. 18, 1997)). Plaintiff does not show the absence of meaningful choice, as she could have rejected the job. Also, the contract equally requires both parties to arbitrate and cannot be said to benefit either party unreasonably.

 Plaintiff next argues revocation by waiver due to defendant's answer in this case and before the Connecticut Commission on Human Rights and Opportunities ("CCHRO"). Revocation by waiver is appropriate only when there is substantial prejudice to one party. *See Rush v. Oppenheimer & Co.,* 779 F.2d 885, 887 (2nd Cir.1985); *Premier Roofing Company, Inc. v. Insurance Co. of North America,* No. 312438, 1996 WL 694638, at *4 (Conn.Super.Ct. Nov.22, 1996). Defendant defended plaintiff's complaints only after attempting to assert its rights under the EDR Plan. Plaintiff does not demonstrate substantial prejudice, especially in light of defendant's early attempts to arbitrate.

 Plaintiff finally argues revocation by vagueness. She claims that the following language in the EDR Acknowledgment is vague in application: "The terms of the Plan are not applicable to post-hiring issues for bargaining unit employees." The EDR Plan clearly states that "bargaining unit employees" are those people hired into a unit represented by a labor organization. *See* EDR Plan, ¶ 4, page 2. This definition does not suffer from undue vagueness.

### C. *Arbitrability*

 A binding arbitration plan will be enforced under the FAA if the claims fall within scope of the agreement. *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 627, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). "[O]rdinary principles of contract law" apply to whether the parties agreed to arbitrate a particular question. *Topf v. Warnaco, Inc.,* 942 F.Supp. 762, 766 (D.Conn.1996).

Where the language of a contract is clear, the reasonable interpretation of such language is enforced. *See Heyman Associates No. 1 v. Insurance Co. of Penn.,* 231 Conn. 756, 770, 653 A.2d 122 (1995) ("if the terms ... are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning" (citation omitted)). Furthermore, it is FAA policy to "read arbitration clauses broadly, with any doubts concerning the scope of arbitrable issues resolved in favor of arbitration." *Topf,* 942 F.Supp. at 769 (quoting *Moses H. Cone Hosp.,* 460 U.S. at 24–25, 103 S.Ct. 927).

■ The EDR plan broadly applies to all employment disputes.[1] *See Collins & Aikman Products Co. v. Building Systems, Inc.,* 58 F.3d 16, 19 (2d Cir.1995) (presumption under broadly worded agreement that all claims are arbitrable). Plaintiff's claims of gender discrimination, deprivation of civil rights, conspiracy to violate civil rights, intentional infliction of emotional distress, breach of contract, ERISA,[2] fraudulent misrepresentation, *respondeat superior,* promissory estoppel tortious interference, and negligent supervision all fall within this broad provision. *See, e.g., Fleck v. E.F. Hutton Group, Inc.,* 891 F.2d 1047 (2d Cir.1989) (compelling arbitration of various tort claims); *Carey v. Connecticut Gen. Life Ins. Co.,* No. 3:99cv96, 1999 U.S.Dist. Lexis 15774 (D.Conn. July 27, 1999) (compelling arbitration).

## III. CONCLUSION

Defendant's Motion To Compel Mediation and Arbitration and To Stay Proceedings (doc. 14) is **granted.** Plaintiff's Cross–Motion For Jury Trial (doc. 18) is **denied.** The case is dismissed without

prejudice to renewal to enforce the terms of an arbitration award. The clerk shall close the file.

SO ORDERED.

---

1. The Plan cover any claim "which relates to, arises from, concerns or involves in any way ... [t]his Plan ... [t]he employment of an employee ... [e]mployee benefits or other incidents of employment ... or [a]ny matter related to the relationship between the [e]mployee and the [c]ompany including ... discrimination based on ... sex ... sexual or other harassment ... infliction of emotional distress ... promissory estoppel ... and breach of contract." (Atzerounian Aff.Exh. 1, p. 2).

2. What plaintiff calls an ERISA actually restates the breach of contract claim with employee benefits as her damages.